IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| SAMUEL LOPEZ PABON, | : | Case No. 03-00477(ESL) |
| | : | |
| Debtor | : | Chapter 7 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| | : | |
| NOREEN WISCOVITCH RENTAS, as | : | |
| Trustee for the estate of | : | |
| SAMUEL LOPEZ PABON | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 05-00197 |
| | : | |
| DORAL FINANCIAL CORPORATION, | : | |
| | : | |
| Defendants | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

FILED & ENTERED

DEC 1 2009

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**DECISION AND ORDER**

This case is before the Court upon plaintiff's motion for summary judgment and a cross motion for summary judgment and the opposition thereto by Doral Financial Corporation ("Doral"). In the present case, the trustee, Noreen Wiscovitch Rentas, filed an adversary proceeding seeking to avoid a lien over debtor's real estate property (docket #1).

I. Procedural Background

The debtor filed the petition for bankruptcy on January 22, 2003 (docket #1, legal Case 03-00477). On March 4, 2004, the debtor and Doral filed an stipulation in which, if the debtor failed to comply with the mortgage payments and with the post-petition arrears, then the stay would be lifted automatically (docket #76,

1

legal case). Doral filed a motion requesting the lift of the automatic stay on May 20, 2004, asserting that debtor failed to comply with the stipulation (docket #81, legal case). Then, on July 1, 2004, the Court entered an order grating the request (docket #83, legal case). On September 1, 2005, the trustee filed the instant complaint (docket #1, adversary proceeding) and on October 9, 2005, Doral filed an answer to the complaint (docket #5). On October 13, 2005, the court entered an order setting the pre-trial hearing (docket #6). The parties filed the joint pre-trial report on December 5, 2005 (docket #10). Then, on February 23, 2009, the trustee filed a motion for summary judgment (docket #18) and on March 12, 2009, Doral filed a cross motion for summary judgment and an opposition to plaintiff's motion for summary judgment (docket #26).

II. Arguments by the Parties

A. Trustee

The trustee asserts that the undisputed facts of the case are: that Doral filed Proof of Claim #10 as a secured claim in the amount of $65,238.12; that on November 8, 1994, the debtor and his former spouse, executed a Promisory Note in favor of First Financial Caribbean for the original principal amount of $105,800.00; that Doral is the current holder of said note; that on November 8, 1994, the debtor and his former spouse, by Public Deed 786, executed in San Juan, Puerto Rico, before Notary Public Luis A. Archilla Diaz, a mortgage encumbering certain property located

2

at Hato Puerco Ward of the Municipality of Loiza, Puerto Rico, as guarantee of the promissory note; that said property is duly registered at page 143 of volume 70 of Loiza, Property number 2,659, Registry of the Property of Carolina, Third Section; that Public Deed 786 was presented for recording in the Registry of the Property of Carolina, Third Section, on January 8, 1994, at entry 175 of Book 18 (before, entry 58 of Book 101) of the Diary of Operations of said Registry of the Property; that on July 1, 2004, the Court granted Doral relief from stay to foreclose the property; that on February 25, 2005, the Registrar notified that the Mortgage Deed was defective and unrecordable as presented; that later, the Mortgage Deed was withdrawn from the Registry on April 28, 2005, and finally that on August 25, 2005, the mortgage was presented again for recording.

The trustee argues that in order for the mortgage to be perfected, Article 188 of the Puerto Rico Mortgage Law requires that the same be recorded at the designated Registry of Property. The trustee asserts that First Financial Caribbean presented the mortgage document for recording at the Property Registry and was pending inscription pre-petition. Then, Doral sought relief from stay which was granted. Notwithstanding, the document was not recorded and was pending "Calificacion" or what is also know as "Bitacora". After Doral obtained relief from stay, the Registrar of Property notified a defect on February 28, 2005, which impeded the recording of (1) a will, which created a property interest in favor

3

of Ernest George Vater Soukop; (2) the sale and purchase deed in favor of the Debtor and his former spouse, Luz Delia Rodriguez Gomez; (3) a mortgage in favor of First Financial Caribbean, which Doral now holds the right to said mortgage. The trustee also asserts that on April 28, 2006, after the notification of the defect, all of the documents were withdrawn from the registry by the notary, 59 days after notified of the defect. Then, the three documents were presented again for recording on August 25, 2005, 119 days after withdrawing the document from the Registry of Property.

The trustee contends that under Article 69 of the Puerto Rico Mortgage Law, the Notary has only 60 days to correct the defect and in this case the notary did not correct them and re-filed the mortgage 119 days after the expiration period. She also contends that under § 72 of the Puerto Rico Mortgage Law, if the defects are corrected after the expiration of the cautionary notice, a new presentation shall be made which shall become effective on the date of the new entry. The trustee asserts that to her knowledge there is no indication that Doral requested a reconsideration of the Registrar's calification of the document. Thus, the trustee's position is that the re-filing of the mortgage after the time frame provided by Article 69, created a new entry. Hence, a new date for the recording of the mortgage. This new date was after the bankruptcy had been filed. Thus, the trustee concludes that Doral lost its possible pre-petition lien holder position, that would

4

have made Doral's mortgage retroactive had Doral acted timely and now the trustee is a superior lien holder than Doral.

The trustee also asserts that Doral's motion for relief from stay was sought to foreclose on an allegedly perfected mortgage and not to perfect an unperfected lien. The trustee further argues that allowing the perfection of the mortgage post-petition, would affect the unsecured creditors in this case and that if Doral is to be considered a secured creditor, it would receive payment in full and the general unsecured creditors, would receive a lower pro-rata share in a final distribution.

Finally, the trustee argues that in the alternative, to allow Doral to perfect its lien post-petition, may be consider a post-petition transfer of property of the estate also avoidable by the trustee under 11 U.S.C. § 549.

B. Doral

Doral asserts that its mortgage rights were protected by the Registry of Property as of the commencement of the case because as of the filing date, the debtor and his former wife's deed of ownership of the Loiza property, as well as Doral's mortgage were presented for recordation at the Registry of Property. Doral asserts that under Puerto Rico Mortgage Law, both deeds had a protected rank at the Registry of Property because the Registry of Property works on a historical, chronological manner. Doral concludes that as a result of such system, no other party such as a *bona fide* purchaser or judgment lien creditor could acquire a

5

superior right over the Loiza property.

On the other hand, Doral asserts that during the pendency of the bankruptcy case, the Court granted Doral relief from the automatic stay on July 1, 2004, while Debtor was still in Chapter 11. Doral asserts that the relief from stay requested was not exclusively to execute the mortgage and foreclose the property. It asserts that because the Court granted the lift of stay, Doral is relieve from the Trustee's claims that it violated the automatic stay.

Doral argues that according to the Registrar, the mortgage was not defective, but on the contrary, the defect was in a document executed and presented prior to Doral's mortgage deed. On February 28, 2005, the Registrar of Property notified the following problems with the three deeds pending recordation: (1) a will, which created a property interest in favor of Ernest George Vater Soukoup; (2) the sale and purchase deed in favor of the Debtor and her former spouse, Luz Delia Rodríguez Gómez; (3) the Mortgage Deed in favor of First Financial Caribbean (now Doral). Doral contends that the real problem was with the "tracto" or debtor's ownership of the real property, not Doral's Mortgage Deed.

Doral asserts that on April 28, 2005, the automatic stay was no longer applicable to Doral and that all three documents previously presented for recordation at the Registry, were withdrawn from the Registry of Property to prevent the loss of the stamps and vouchers attached to each of the deeds. Doral asserts

that the rights of all parties to the Loiza property were not affected because it appears from the Registry Certification attached by the Trustee, that no documents or transactions by third parties were presented subsequently at the Registry of Property. Then, on August 25, 2005, all three documents were again presented in the same order for recordation at the Registry of Property.

Doral contends that the new presentation at Registry of Property of the three deeds is not an unauthorized transfer of property of the estate avoidable under 11 U.S.C. § 549. First, because there is no "transfer" of property of the estate as defined in § 101(54), which includes "creation of a lien" and because the lien was created prior to the filing of the petition, and that the perfection was made after the commencement of the case. Secondly, because the withdrawal of the deeds from the Registry of Property and their new presentation on August 25, 2005, were authorized under § 362(d).

Doral contends that it would be inequitable to hold that the refiling of the deeds by the Trustee was authorized, and that Doral's refiling was not. Finally, Doral argues that the refiling of the deeds would preserve Doral's rights which existed at the time of the filing of the petition and prior to the finding of defects in the Trustee's title and that there has not been any improvement of position vis-à-vis the estate or creditors postpetition.

III. Discussion

A. Summary Judgment Standard

7

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. 382, at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record."

8

Id.

B. Applicable Law

A trustee may invalidate unperfected security interests pursuant to 11 U.S.C. § 544(a)(3). In re Sullivan, 387 B.R. 353, 357 (1st Cir. BAP, 2008); In re Garrido Jimenez, 370 B.R. 878, 881 (1st Cir. BAP, 2007).

1. The Automatic Stay

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No.989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy." Id.

The automatic stay specifically includes "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The automatic stay also prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case . . ." 11 U.S.C. § 362(a)(5).

Under Section 362(d) upon request of a party in interest, the Court may terminate, annul, modify, or condition the automatic stay. The stay is a fundamental protection for all parties affected

9

by the filing of a petition in bankruptcy, and "it should not be dismantled without good reason." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir.1997). Furthermore,

> "Because a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceeding, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed."

Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 114 (5th Cir.1987). Therefore, any proceeding "not fairly encompassed within the language of the order" remains subject to the automatic stay. Interbusiness Bank, N.A. v. First National Bank of Mifflintown, 328 F.Supp.2d 522, 525-526 (M.D.Pa.2004).

In the present case, Doral requested an order lifting the stay which the Court granted on July 1, 2004 (Docket #83, legal case). Doral's motion only alluded to the stipulation filed by the parties, in which if the debtor failed to comply with the mortgage payments and with the post-petition arrears, then the stay would be lifted automatically (docket #76, legal case). Doral did not state that it wanted to perfect a lien post-petition. This Court could only interpret that Doral's intention was to proceed *in rem* against its collateral, as is typically requested by secured creditors in motions to terminate the stay. Furthermore, since our order lifting the stay was entered as requested by Doral, its language was general in nature, and did not specifically allow Doral to proceed

10

against debtor's estate and try to perfect a lien post-petition. See <u>In re Russell, Corp.</u>, 156 B.R. 347 (Bankr. N.D.Ga. 1193); <u>In re Virginia Hill Partners I</u>, 110 B.R. 84 (Bankr.N.D.Ga. 1989). Therefore, the Court finds that the order lifting the automatic did not allow Doral to proceed against debtor's estate and try to perfect a lien post-petition and thus, the automatic stay did apply to Doral's actions.

2. <u>Avoidance Action</u>

Section 544(a)(3) of the U.S. Bankruptcy Code provides in relevant part that:

> (a)  The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

The rights of the trustee under 11 U.S.C. § 544 are determined by state law. <u>Abboud v. The Ground Round, Inc.</u>, 482 F.3d 15, 20 (1st Cir. 2007) (holding Pennsylvania law determined the rights of a hypothetical lien creditor under 11 U.S.C. § 544(a)(1)).

Under Puerto Rico mortgage law, "[r]egistered titles shall become effective for third parties from the date of their

11

registration." P.R. Laws Ann. tit. 30, § 2256. "In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry." Id. Furthermore, a buyer who acquires an interest in property from the owner of record by purchasing in good faith and records that interest is protected against "actions or titles of ownership or of other real rights that are not duly recorded." P.R. Laws Ann. tit. 30, § 2355. A bankruptcy trustee acting as a hypothetical bona fide purchaser is a "third party" under Puerto Rico law. See In re Garrido Jimenez, 370 B.R. 878 (1st Cir. BAP, 2007); In re Santos & Nieves, Inc. 814 F.2d 57, 61(1st Cir. 1987).

On the other hand, the Puerto Rico mortgage law recognizes in Article 69, P.R. Laws Ann. tit. 30, § 2272, what procedure must be followed by public notaries in order to correct any defects found in the Property Registry by the Registrar. Article 69 in the Puerto Rico mortgage law, states in part that:

> If the Registrar finds a defect in the document, exclusively in accordance with § 2271 of this title, he/she shall notify the presenters and the authorizing notary, in writing, of his/her judgment, if it is so requested in the entry, within sixty (60) days of the date of said entry, either by hand delivery or by mail, or electronically, so that they may correct the defect within a period of sixty (60) days from the date of the notice. If more than one notice were made, the term shall start counting after the last one made to the notary.
>
> The notice must contain all the legal grounds on which the judgment is based. The notice shall be recorded with a dated notation in the

12

presentation entry and at the bottom of the document being notified with the signature of the Registrar and, when this is done, it shall be valid.

If the defect is not corrected before the expiration of the sixty (60) -day period, the Registrar shall make a note of the expiration in the presentation entry and at the bottom of the document. When the fees paid upon presentation of the document whose notice has expired do not exceed two hundred dollars ($200), the Registrar shall cancel twenty-five dollars ($25); when the fees paid upon presentation exceed two hundred dollars ($200), the Registrar shall cancel fifty dollars ($50).-- Mortgage Law, 1979, § 69; Aug. 10, 1988, No. 159, p. 687; Dec. 14, 1997, No. 146, § 1; Feb. 17, 2000, No. 48, § 16, eff. 90 days after Feb. 17, 2000.

Moreover, Article 72 of the Puerto Rico mortgage law, P.R. Laws Ann. tit. 30, § 2275, contemplates that if the document is presented outside of the term given by Article 69, it is consider a new entry. Article 72 states in pertinent part that: "In cases such as those outlined in the preceding sections, if the defects are corrected after the presentation entry has expired, a new entry shall be made which shall become effective from the date of the new entry."  P.R. Laws Ann. tit. 30, § 2275.

In the case of In re Millivision, 331 B.R. 515 (Bankr. Ma. 2005), the court concluded that because the defendant had yet to perfect their security interest in the debtor's collateral, they were unperfected secured creditors at the time of commencement of debtor's case. As of the commencement of a bankruptcy case, the trustee has the status of a hypothetical judicial lienholder and has the power to avoid any transfer of the debtor's property that

13

such creditor could avoid. 11 U.S.C. Section 544(a)(1) In re Millivision, 331 BR, 515 (Bankr. Ma. 2005). Furthermore, the court expressed that: "Congress made its choices long ago by providing estate representatives with hypothetical judicial lien status as of the date of case commencement." In re Millivision, at 524. See Bankruptcy Act of 1898, Sec. 70(c), amended by 11 U.S.C. § 110(c) (repealed 1978); see also, 11 U.S.C. § 544(a) (2005). Furthermore, it concluded that "[i]t is hardly an accident that § 544(a) has been characterized as a 'strong arm power.' To protect unperfected secured creditors from the effect of § 544(a) would be to rewrite the Bankruptcy Code." In re Millivision, 331 B.R. 515 at 524 (Bankr. Ma. 2005); In re Planned Protective Serv., Inc., 130 B.R. at 98.

In view of the foregoing, the Court concludes that because the notary public did not correct the defects in the deeds presented within the time provided by the Puerto Rico Mortgage Law § 2272, which was 60 days, the unrecorded deed became ineffective against the trustee in his strong-arm capacity as a hypothetical *bona fide* purchaser. When the 60 days, elapsed and the mortgage deed was presented outside of the time provided, the trustee became a *bona fide* purchaser of the residence before the deed was presented for the second time. Thus, Doral's mortgage deed entry could not relate back to the date it was first recorded due to the trustee's intervening interest in the property under 11 U.S.C. § 544(a)(3).

Furthermore, the Court also concludes that the trustee met her

14

burden in establishing that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. On the other hand, Doral failed to meet its burden of establishing the existence of a trialworthy issue to defeat the trustee's motion for summary judgment.

CONCLUSION

WHEREFORE, IT IS ORDERED that the Motion for Summary Judgment filed by the trustee (docket #18) be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Doral (docket #26) be and it is hereby DENIED.

IT IS FURTHER ORDERED to the Registry of the Property of Carolina, Third Section, to cancel the registration of Mortgage Deed 786.

IT IS FURTHER ORDERED that Proof of Claim #10 filed by Doral be and is hereby allowed as a general unsecured claim.

JUDGMENT WILL BE ENTERED ACCORDINGLY.

SO ORDERED.

San Juan, Puerto Rico, this 18th day of November 2009.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

15